# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3706

_____

Concepcion Mendez-Lazaro,      *
            *
        Petitioner,      *
            *
    v.      *
            *
John D. Ashcroft, United States      *
Attorney General,      *
            *
        Respondent,      *
_____      *   Petition for Review of an
     *   Order of the Board of
Ingri Y. Aguilar-Mendez,      *   Immigration Appeals
            *
        Petitioner,      *   [Unpublished]
            *
    v.      *
            *
John D. Ashcroft,      *
            *
        Respondent.      *

_____

Submitted: October 21, 2004
Filed: November 8, 2004

_____

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Concepcion Mendez-Lazaro (Mendez) and her daughter, citizens of Guatemala, petition for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of their application for asylum and withholding of removal. For reversal, Mendez argues on behalf of her family that she showed past persecution and that the government failed to show that the conditions in Guatemala have changed. For the reasons discussed below, we deny the petition.

We review for substantial evidence. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) ("evidence must be such that it would be possible for a reasonable fact-finder to reach the same conclusions"). We conclude that a reasonable fact-finder could have found that Mendez was not a victim of past persecution, because there was no clear evidence that--as Mendez claims--her father and sister were murdered because of the father's political opinion. See id. at 917-19 (rejecting Guatemalan citizen's asylum claim where, inter alia, there was "lack of clear evidence" as to motives for attacks on woman whose husband had been murdered by rebels 4 years earlier). Further, Mendez experienced no resulting physical harm from the threats she received, see Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) (unless unfulfilled threats are so menacing as to cause significant actual suffering or harm, they alone do not constitute past persecution); and a reasonable fact-finder could conclude that the guerrillas were threatening Mendez because she refused to join them, rather than on account of any actual or imputed political opinion, see INS v. Elias-Zacarias, 502 U.S. 478, 482-83 (1992) (forced recruitment by guerrilla organization does not necessarily equate with persecution on account of political opinion).

We also conclude that a reasonable fact-finder could have found that Mendez lacks a well-founded fear of future persecution. The 1984 and 1989 murders of her family members, and the 1994 threats Mendez received, were not recent events, see Melecio-Saquil v. Ashcroft, 337 F.3d 983, 987 (8th Cir. 2003) (alien had to show why events that happened over 10 years earlier provided objectively reasonable basis

for present fear of particularized persecution); country reports indicate that current crime and violence stem from common crime, the umbrella guerrilla organization has dissolved itself, and the State Department has seen no claims by Indians (like Mendez) of political persecution, see id. at 986-87 (where State Department reports on Guatemala did not assert that guerrillas continued to attack former Civil Patrol members or others who refused to join them, reports did not establish alien's claim of well-founded fear of persecution on account of political opinion); and Mendez's mother, other sister, and brother still reside in Guatemala and have not been harmed, see Francois v. INS, 283 F.3d 926, 932 (8th Cir. 2002) (finding of no well-founded fear of future persecution was bolstered by fact that family had not been molested by government).

Mendez's request for withholding of removal necessarily fails as well. See Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999) (withholding-of-removal standard is more difficult to meet than asylum standard).

Accordingly, we deny the petition.

_____